# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRADLEY RODGERS, # 234196,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   CIVIL ACTION NO. 20-00224-JB-B |
| | * |
| **LT. SMITH,** | * |
| | * |
|     **Defendant.** | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Bradley Rodgers filed the instant action seeking relief under 42 U.S.C. § 1983, along with a motion to proceed without prepayment of fees, while he was an inmate at Fountain Correctional Facility ("Fountain"). (Docs. 1, 2). The case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** due to Rodgers's failure to prosecute and obey the Court's order.

On June 5, 2020, the Court entered an endorsed order granting Rodgers's motion to proceed without prepayment of fees. (Doc. 3). A copy of the Court's order was mailed to Rodgers at Fountain, where Rodgers was incarcerated at the time he filed this action. On June 15, 2020, the order was returned to the Clerk as undeliverable, with the following notation: "RETURN TO SENDER[.]

REFUSED[.] UNABLE TO FORWARD[.]" (Doc. 4). A resulting search of the Alabama Department of Corrections website revealed that Rodgers is no longer in its custody. Nor does the Court have a free-world address on file for him.

This Court's § 1983 prisoner complaint form, which Rodgers utilized in filing his complaint, specifically warns: "<u>PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER</u>." (<u>See</u> Doc. 1 at 7). The record reflects that, despite this warning, Rodgers failed to advise the Court of his address change and release from custody. Because Rodgers is no longer in the custody of the Alabama Department of Corrections and has neglected to keep the Court apprised of his current address, the Court has no means by which to communicate with him and surmises that he has lost interest in this action.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. <u>Brown v. Tallahassee Police Dep't</u>, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); <u>Lopez v. Aransas Cnty. Indep. Sch. Dist.</u>, 570 F.2d 541,

2

544 (5th Cir. 1978)).[1]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

When an action is subject to dismissal without prejudice, the Court must consider whether the action may be re-filed.  See Schmidt v. Navarro, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be re-filed).  When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file a viable

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

action, and the court must then consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc); Ala. Code § 6-2-38(l).

Because Rodgers has failed to update his address as specifically directed in the Court's § 1983 prisoner complaint form and has thus given the Court no means by which to communicate with him, his action is subject to being dismissed for failure to prosecute and obey the Court's orders. The only reason the undersigned would not recommend dismissing this action without prejudice at this time is if the present action could not be re-filed because the two-year statute of limitations for a § 1983 action had expired.

An examination of the complaint reflects that Rodgers names Lieutenant Smith, a correctional officer at Fountain, as the sole Defendant. (See Doc. 1 at 5). Rodgers alleges that he was raped by another inmate at Easterling Correctional Facility "[b]etween" September 20, 2019 and October 2, 2019. (Id. at 4). When he protested being placed back in the general prison population with his rapist, certain gangs placed a "hit" on his head, which

4

followed Rodgers when he was transferred from Easterling to Fountain. (Id. at 4-5). Rodgers alleges that Lieutenant Smith placed his life in danger by refusing to place him in segregation at Fountain. (Id. at 5, 8). Rodgers also alleges that Lieutenant Smith assaulted him on February 20, 2020 by slapping and dragging Rodgers after he had passed out in his cell. (Id. at 8). Considering that the actions complained of are alleged to have occurred after October 2, 2019, there is no question that Rodgers has the ability to re-file his action before the expiration of the two-year statute of limitations, if he elects to do so.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) due to Rodgers's failure to prosecute and to obey the Court's order to notify the Court immediately of any change in address.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **16th** day of **June, 2020.**

                                     **/s/ SONJA F. BIVINS**
                      **UNITED STATES MAGISTRATE JUDGE**